IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEAN MOORE,

    *Plaintiff,*

vs.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

    *Defendant.*

Case No. 22-cv-01123-EFM

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Dean Moore's Motion for Equitable Distribution of Settlement Funds. In his motion, Plaintiff requests the Court to limit the recovery of Salina Regional Health Center ("SRHC"), one of Plaintiff's creditors, to $5,000, calling such an arrangement a "just and equitable" solution. In response, SRHC has requested the full amount of Plaintiff's settlement remaining after attorney fees in satisfaction of Plaintiff's debt. Because the Court is without necessary information as to other liens which may exist in this case, the Court delays equitably distributing Plaintiff's settlement until documentation regarding the other liens has been filed with the Court.

### I.      Factual and Procedural Background

Plaintiff was involved in a motor vehicle collision (the "Collision") on December 20, 2020. Having sustained serious bodily injuries, Plaintiff received treatment from multiple sources, including SRHC.  In total, Plaintiff incurred $137,438.64 in expenses at SRHC.  Plaintiff also has the following "liens and bills" stemming from the Collision: The Hartford Insurance Company's lien—$43,209.92; Salina Regional Neurosurgery—$9,160; Anesthesia Associates—$9,445.81 (in collections); Dickinson County EMS—$1,154.00 (payments being made by Plaintiff); Abilene Memorial Health System—$284.00.  Plaintiff's debts, therefore, total $200,692.37.

Plaintiff was able to negotiate a settlement of $130,000 from both his insurance carrier and that of the other driver.  Under their contract with Plaintiff, Plaintiff's attorneys are entitled to 40%, or $52,000, of that settlement.  In sum, Plaintiff has $78,000 with which to pay $200,692.37 in medical bills.

Because of the amount it is owed, SRHC properly filed a lien in state court against Plaintiff's settlement funds.  Plaintiff brought this instant Motion to request, via equitable distribution under K.S.A. § 65-406(c), that the Court reduce SRHC's recovery under the lien to $5,000, the statutory minimum.  In response, SRHC contends that it is entitled to the entire $78,000 remaining after Plaintiff's attorneys receive their fee.  None of Plaintiff's other creditors have appeared to argue in response to this Motion nor has any argument been regarding any creditor except SRHC.  Therefore, the Court is without information as to what other liens exist in this case.

## II.     Legal Standard

Kansas law permits hospital liens against judgments or settlements recovered by accident victims for services the hospital provided to those victims.[1] To be valid against all except the accident victim,[2] the lien must be filed as a written notice in the court in which the hospital is located and must include "the amount of all of the hospital's claims, the name of the injured person, the date of the accident and the name and location of the hospital."[3] The hospital must also send a copy of the notice to the accident victim.[4]

If valid, the lien may only be enforced for the "amount of the reasonable and necessary charges of such hospital for the treatment, care and maintenance" of the accident victim[5] Specifically, these liens are fully enforceable for only the first $5,000.[6] Any lien concerning an amount over $5,000 "shall only be enforceable to the extent that its enforcement constitutes an equitable distribution of any settlement or judgment under the circumstances."[7] If the accident victim and hospital cannot reach an agreement as to what constitutes an equitable distribution, the

---

[1] K.S.A. § 65-406(a).

[2] *See In re Brown*, 2007 WL 2029498, 9–10 (Bankr. D. Kan. 2007) (construing K.S.A. § 65-406 as giving rise to an enforceable lien against injured party even when notice requirements not met; notice requirements only apply to enforceability against other creditors).

[3] *Id.* § 65-407.

[4] *Id.*

[5] *Id.* § 65-406(b).

[6] *Id.* § 65-406(c).

[7] *Id.*

court must make the decision.[8]  A hospital lien only applies to the victim's recovery after all attorney fees have been deducted.[9]

In equitably distributing the funds, the court must exercise its "judicial discretion to allow for equitable sharing of limited available funds among competing creditors."[10]  In other words, an accident victim "is not equitably entitled to share in the funds that she owes to [a hospital]."[11]  After all, if the victim had an outstanding debt to the hospital greater than the sum of the victim's recovery, it "would be futile in those circumstances to pay any portion" of the judgment to the victim."[12]  At times, an evidentiary hearing may be required to arrive at an equitable distribution of the judgment or settlement funds.[13]

### III.   Analysis

In the present case, the Court is without sufficient facts to equitably distribute Plaintiff's settlement funds.  In lieu of an evidentiary hearing, the Court orders the parties to submit documentation by November 29, 2022, regarding each lien asserted against Plaintiff's settlement, its amount, and whether it has been timely filed in this case.  After receiving this information, the Court will equitably distribute Plaintiff's settlement funds.

---

[8] *Id.*

[9] *Harlow v. Lloyd*, 15 Kan. App. 2d 497, 809 P.2d 1228, 1229 (1991) ("A hospital lien 'upon that part going or belonging to such patient' means a lien on that part remaining after the fee of the lawyer is deducted.") (quoting K.S.A. § 65-406(a)).

[10] *Geico Indem. Ins. Co. v. Kannaday*, 2008 WL 11442025, at *2 (D. Kan. 2008)

[11] *Id.*

[12] *Id.*

[13] *See Kearny Cnty. Hosp. v. Allstate Ins. Co.*, 38 Kan. App. 2d 641, 170 P.3d 900, 909 (2007) (agreeing with defendant that trial court should have held evidentiary hearing when trial court failed to make any equitable distribution of settlement funds).

**IT IS THEREFORE ORDERED** that the parties provide documentation of each lien that has been filed against Plaintiff's settlement amount by November 29, 2022.

**IT IS SO ORDERED.**

Dated this 9th day of November, 2022.

                                            ERIC F. MELGREN
                                            CHIEF UNITED STATES DISTRICT JUDGE