IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEAN MOORE,

    *Plaintiff,*

vs.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

    *Defendant.*

Case No. 22-cv-01123-EFM

**MEMORANDUM AND ORDER**

    Before the Court is Plaintiff Dean Moore's Motion for Equitable Distribution of Settlement Funds (Doc. 9). In his motion, Plaintiff requests the Court to limit the recovery of Salina Regional Health Center ("SRHC"), one of Plaintiff's creditors, to $5,000, calling such an arrangement a "just and equitable" solution. In response, SRHC has requested the full amount of Plaintiff's settlement remaining after attorney fees in satisfaction of Plaintiff's debt. Finding an equitable distribution entitles SRHC to $53,040, the Court orders the distribution of that sum to SRHC.

    **I.**    **Factual and Procedural Background**

    Plaintiff was involved in a motor vehicle collision (the "Collision") on December 20, 2020. Having sustained serious bodily injuries, Plaintiff received treatment from multiple sources, including SRHC. In total, Plaintiff incurred $137,438.64 in expenses at SRHC. Plaintiff also has

the following creditors, each debt stemming from the Collision: Hartford Insurance Company ("Hartford")—$45,331.52 from issuing long term disability insurance benefits; Salina Regional Neurosurgery—$9,160; Anesthesia Associates—$9,445.81; Dickinson County EMS—$1,154.00; Abilene Memorial Health System—$284.00. Plaintiff's debts, therefore, total $202,813.97. However, according to documentation submitted by Plaintiff, only SRHC and Hartford have asserted valid liens against Plaintiff's settlement amount due to its issuance of long-term disability benefits to Plaintiff.

Plaintiff was able to negotiate a settlement of $130,000 from both his insurance carrier and that of the other driver. Under their contract with Plaintiff, Plaintiff's attorneys are entitled to 40%, or $52,000, of that settlement. In sum, Plaintiff has $78,000 with which to pay $202,813.97 to his creditors.

Plaintiff brought this instant Motion to request, via equitable distribution under K.S.A. § 65-406(c), that the Court reduce SRHC's recovery under the lien to $5,000, the statutory minimum. In response, SRHC contends that it is entitled to the entire $78,000 remaining after Plaintiff's attorneys receive their fee. None of Plaintiff's other creditors have appeared to argue in response to this Motion nor has any argument been regarding any creditor except SRHC. Neither party has requested an evidentiary hearing.

In lieu of an evidentiary hearing, the Court ordered each of the parties to submit documentation regarding any other liens which had been validly asserted against Plaintiff's settlement amount. In response, Plaintiff submitted documentation of the lien held by Hartford without any further briefing. Plaintiff admitted that payments made by Hartford to Plaintiff were ongoing, with the latest record submitted by Plaintiff dated September 30, 2022. Presumably,

Hartford has made further payments since then. The Court, however, is without further documentation of payments by Hartford.

## II.     Legal Standard

Kansas law permits hospital liens against judgments or settlements recovered by accident victims for services the hospital provided to those victims.[1] To be valid against all except the accident victim,[2] the lien must be filed as a written notice in the court in which the hospital is located and must include "the amount of all of the hospital's claims, the name of the injured person, the date of the accident and the name and location of the hospital."[3] The hospital must also send a copy of the notice to the accident victim.[4]

If valid, the lien may only be enforced for the "amount of the reasonable and necessary charges of such hospital for the treatment, care and maintenance" of the accident victim.[5] Specifically, these liens are fully enforceable for only the first $5,000.[6] Any lien concerning an amount over $5,000 "shall only be enforceable to the extent that its enforcement constitutes an equitable distribution of any settlement or judgment under the circumstances."[7] If the accident victim and hospital cannot reach an agreement as to what constitutes an equitable distribution, the

---

[1] K.S.A. § 65-406(a).

[2] *See In re Brown*, 2007 WL 2029498, 9–10 (Bankr. D. Kan. 2007) (construing K.S.A. § 65-406 as giving rise to an enforceable lien against injured party even when notice requirements not met; notice requirements only apply to enforceability against other creditors).

[3] *Id.* § 65-407.

[4] *Id.*

[5] *Id.* § 65-406(b).

[6] *Id.* § 65-406(c).

[7] *Id.*

court must make the decision.[8]  A hospital lien only applies to the victim's recovery after all attorney fees have been deducted.[9]

In equitably distributing the funds, the court must exercise its "judicial discretion to allow for equitable sharing of limited available funds among competing creditors."[10]  In other words, an accident victim "is not equitably entitled to share in the funds that she owes to [a hospital]."[11]  After all, if the victim had an outstanding debt to the hospital greater than the sum of the victim's recovery, it "would be futile in those circumstances to pay any portion" of the judgment to the victim."[12]  At times, an evidentiary hearing may be required to arrive at an equitable distribution of the judgment or settlement funds.[13]

### III.    Analysis

**A.    SRHC is entitled to $53,040 of Plaintiff's settlement under principles of equitable distribution.**

In the present case, the facts are undisputed before this Court.  Therefore, the Court finds that an evidentiary hearing is unnecessary.  Similarly, the parties do not dispute that SRHC has a valid lien that complies with all the requirements of K.S.A. §§ 65-406, 65-407.  Rather, the parties' sole dispute is what constitutes an equitable distribution of the $130,000 settlement.  For his part, Plaintiff seeks to limit SRHC's recovery to solely $5,000.  In contrast, SRHC argues that it is

---

[8] *Id.*

[9] *Harlow v. Lloyd*, 15 Kan. App. 2d 497, 809 P.2d 1228, 1229 (1991) ("A hospital lien 'upon that part going or belonging to such patient' means a lien on that part remaining after the fee of the lawyer is deducted.") (quoting K.S.A. § 65-406(a)).

[10] *Geico Indem. Ins. Co. v. Kannaday*, 2008 WL 11442025, at *2 (D. Kan. 2008).

[11] *Id.*

[12] *Id.*

[13] *See Kearny Cnty. Hosp. v. Allstate Ins. Co.*, 38 Kan. App. 2d 641, 170 P.3d 900, 909 (2007) (agreeing with defendant that trial court should have held evidentiary hearing when trial court failed to make any equitable distribution of settlement funds).

entitled to the entirety of Plaintiff's recovery after attorney fees. Both arguments miss the point of equitable distribution. Regrettably, the Court finds that *math* is required to arrive at an equitable distribution of the settlement proceeds.

As stated above, Plaintiff's attorneys are entitled to 40% of the $130,000 settlement. This leaves $78,000. To allow each creditor to recover their respective percentage of the settlement amount seems the most equitable way to distribute Plaintiff's recovery when Plaintiff owes more than his received in settlement. However, the Court must consider the effect of valid liens against the settlement amount as having priority over other unsecured debts.[14] Therefore, an equitable distribution would divide the available funds between secured creditors based on their respective percentages of the total secured debt.

Here, SRHC has a valid lien for $137,438.64, and Hartford has a valid lien for $45,331.52. Together, these two secured creditors are owed $182,770.16, with SRHC's share comprising 75.19% of this number and Hartford's 24.81%. Rounding down, 75% of $78,000 is $58,500. It follows that 25% of $78,000 is $19,500. Accordingly, SRHC is entitled to $58,500, with Hartford receiving $19,500, pursuant to the Court's equitable distribution of Plaintiff's settlement amount.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Equitable Distribution of Settlement Funds (Doc. 9) is **GRANTED** in following manner; Salina Regional Health Center is entitled to receive $58,500 and Hartford Insurance Company is entitled to receive $19,500 from Plaintiff's settlement funds as soon as is practicable.

---

[14] Neither the parties nor SRHC have submitted any briefing regarding the priority of these liens to each other.

**IT IS SO ORDERED.**

This case is closed.

Dated this 2nd day of December, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE