IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEAN MOORE,

    *Plaintiff,*

vs.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

    *Defendant.*

Case No. 22-cv-01123-EFM

**MEMORANDUM AND ORDER**

    Before the Court is Plaintiff Dean Moore's Motion for Leave to File Out of Time (Doc. 22). Plaintiff seeks to file a motion for reconsideration based on new evidence regarding the Court's order equitably distributing Plaintiff's recovery in the underlying case to Salina Regional Health Center ("SRHC") and The Hartford. The Motion is unopposed.

    On November 9, 2022, the Court ordered the parties to submit documentation regarding any liens asserted against Plaintiff's recovery which might compete with SRHC's lien. On November 30, Plaintiff submitted documentation purporting to show that The Hartford had a valid lien against Plaintiff's recovery. Having received this information, the Court equitably distributed Plaintiff's settlement recovery between SRHC and The Hartford on December 2, 2022.

In the present Motion, Plaintiff states that his counsel tried to contact The Hartford—after the Court's order on December 2—to determine whether Plaintiff was still eligible for payments under his policy agreement with The Hartford.  If so, then The Hartford would not be able to assert a valid lien against Plaintiff's recovery.  Plaintiff's counsel had previously requested the same information on September 2, 2022, with no response.  Between the holidays and The Hartford representatives' unresponsiveness, Plaintiff's counsel was unable to determine whether the Plaintiff still qualified for disability benefits under The Hartford's policy until January 3, 2023.  At that time, The Hartford's representative informed Plaintiff's counsel that Plaintiff was still eligible for payments.  Based on this evidence, Plaintiff requests leave to file a motion for reconsideration out of time.

Under D. Kan. Local Rule 7.3, "parties seeking reconsideration of a court order must file a motion within 14 days after the order is served unless the court extends the time."  Because the Court's order distributing Plaintiff's recovery was filed on December 2, 2022, Plaintiff had until December 16 to file a motion for reconsideration.  However, Federal Rule of Civil Procedure 6(b)(1)(B) allows courts to grant motions for leave to file after an expired deadline "if the party failed to act because of excusable neglect."

Here, the Court finds the reasons proffered by Plaintiff sufficient to show excusable neglect—namely the difficulty obtaining the relevant information from The Hartford and the delay caused by the holiday season.  Therefore, the Court grants Plaintiff s Motion.

**IT IS THEREFORE ORDERED** that Plaintiff Motion for Leave to File Out of Time (Doc. 22) is **GRANTED.**  Plaintiff has until February 10, 2023, to file his forecasted motion for reconsideration.

**IT IS SO ORDERED.**

Dated this 25th day of January, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE